## In re HEMPSTEAD LUMBER CORPORATION.
### No. 33585.

District Court, E. D. New York.
Nov. 18, 1937.

Duberstein & Schwartz, of Brooklyn, N. Y., for bankrupt.

Harry Mesard, of New York City, amicus curiae on behalf of referee and Simonson.

MOSCOWITZ, District Judge.

This is a motion to vacate an order made by the referee in this proceeding appointing a custodian to preserve the assets and to supervise the operation of the business.

The bankrupt filed its voluntary petition on October 21, 1937, and was immediately adjudged bankrupt, and the matter was referred to the referee. On October 22, 1937, the bankrupt filed with the referee terms of an offer of composition. On October 26, 1937, and prior to the first meeting of creditors, the referee upon his own motion entered an order appointing Fred S. Simonson as custodian at a compensation of $5 per day and necessary disbursements.

The bankrupt has been conducting its business since its adjudication with the approval of the creditors' committee and under its supervision.

Section 2, subd. 3, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 11 (3), provides as follows: "The Courts of bankruptcy * * * are hereby invested * * * with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, * * * to * * *

(3) appoint receivers or the marshals, upon application of parties in interest, in case the court shall find it absolutely necessary, for the preservation of estates, to take charge of the property of bankrupts after the filing of the petition and until it is dismissed or the trustee is qualified."

General Order 40, 11 U.S.C.A. following section 53, provides as follows: "A receiver or marshal appointed by the court to take charge of the property of a bankrupt after the filing of a petition, shall be deemed to be a mere custodian within the meaning of section 48 of the Bankruptcy Act, unless his duties and compensation are specifically enlarged by order of the court, upon proper cause shown, either at the time of the appointment or later."

This is the first time, so far as the court has been informed, that a referee has appointed a custodian. There is no authority in the bankruptcy law for the appointment of a custodian by a referee. The order made by the referee is a nullity and will be vacated.

Settle order on notice.